**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | James Fitzgerald Bowyer | Last 4 digits of Social Security number or ITIN: xxx-xx-4428 |
| | First Name / Middle Name / Last Name | EIN: __ __ – __ __ __ __ __ __ __ |
| Debtor 2 | | Last 4 digits of Social Security number or ITIN: ___ ___ ___ ___ |
| (Spouse, if filing) First Name / Middle Name / Last Name | | EIN: __ __ – __ __ __ __ __ __ __ |
| United States Bankruptcy Court for the: Eastern District of Pennsylvania | | [Date case filed for chapter 7: 5/13/19   MM / DD / YYYY OR |
| Case number: 19-13113-mdc | | [Date case filed in chapter _____   MM / DD / YYYY |
| | | Date case converted to chapter 7: _____ ]   MM / DD / YYYY |

Official Form 309A (For Individuals or Joint Debtors)

# Notice of Chapter 7 Bankruptcy Case — No Proof of Claim Deadline    12/15

**For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | James Fitzgerald Bowyer | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 108 E. Mill Road<br>Flourtown, PA 19031 | If Debtor 2 lives at a different address: |
| 4. | **Debtor's attorney**<br>Name and address | Thomas D. Kenny, Esquire<br>Kenny, Burns & McGill<br>1500 John F. Kennedy Blvd., Suite 520<br>Philadelphia, PA 19102 | Contact phone (215) 423-5500<br>Email filings@kennyburnsmcgill.com |
| 5. | **Bankruptcy trustee**<br>Name and address | Lynne E. Feldman, Esquire<br>Feldman Law Offices PC<br>221 N. Cedar Crest Blvd.<br>Allentown, PA 18104 | Contact phone (610) 530-9285<br>Email trustee.feldman@rcn.com |

For more information, see page 2 ▶

Debtor  James Fitzgerald Bowyer                          Case number (*if known*) 19-13113-mdc
        Name

| | | | |
|---|---|---|---|
| **6.** | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at www.pacer.gov. | 900 Market Street<br>Suite 400<br>Philadelphia, PA 19107 | Hours open — Philadelphia Office -- 8:30 a.m. to 5:00 p.m.<br>Reading Office -- 8:00 a.m. to 4:30 p.m.<br><br>Contact phone — (215) 408-2800 |
| **7.** | **Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend.<br>Creditors may attend, but are not required to do so. | 9/11/2019 at 1:15 p.m.<br>Date         Time<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br><br>900 Market Street, Suite 304A<br>Philadelphia, PA 19107 |
| **8.** | **Presumption of abuse**<br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | [The presumption of abuse does not arise.]<br><br>X[The presumption of abuse arises.]X<br><br>X[Insufficient information has been filed to permit the clerk to determine whether the presumption of abuse arises. If more complete information is filed and shows that the presumption has arisen, the clerk will notice creditors.]X | |
| **9.** | **Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint**:<br>if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br><br>if you want to have a debt excepted from discharge under 11 U.S.C. § 523(a)(2), (4), or (6).<br><br>**You must file a motion** if you assert that<br>the discharge should be denied under § 727(a)(8) or (9). | **Filing deadline:** 10/13/19 |
| | | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **10.** | **Proof of claim**<br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| **11.** | **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **12.** | **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. | |

Official Form 309A (For Individuals or Joint Debtors)    **Notice of Chapter 7 Bankruptcy Case — No Proof of Claim Deadline**    page 2

# THE UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No: 19-13113 |
| James Fitzgerald Bowyer | : : : | Chapter 7 |
| Debtor | : : | |

## CERTIFICATE OF SERVICE

    I hereby certify that service upon all interested parties, indicated below was made by sending true and correct copies of the Notice of Chapter 7 Bankruptcy Case—No Proof of Claim Deadline by this Court's electronic filing system and First-Class Mail on August 16, 2019 as follows:

Capital One Bank
P.O. Box 30281
Salt Lake City, UT 84130-0281

Richard Kim, Esquire
c/o Ryan N. Boland, Esquire
Offit Kurman, P.A.
Ten Penn Center
1801 Market Street, Suite 2300
Philadelphia, PA 19103-1627

Wells Fargo Home Mortgage
PO Box 10355
Des Moines, IA 50306-0355

United States Trustee
Office of the U.S. Trustee
833 Chestnut Street, Suite 502
Philadelphia, PA 19106-2908

Capital One Bank USA NA
P.O. Box 30281
Salt Lake City, UT 84130-0281

Ryan N. Boland, Esquire
Offit Kurman, P.A.
Ten Penn Center
1801 Market Street, Suite 2300
Philadelphia, PA 19103-1627

Mr. James Fitzgerald Bowyer
108 E. Mill Road
Flourtown, PA 19031

United States Bankruptcy Court
900 Market Street, Suite 400
Philadelphia, PA 19107-4233

Capital One Bank USA NA
P.O. Box 30285
Salt Lake City, UT 84130-0285

The Kim Law Firm, LLC
c/o Ryan N. Boland, Esquire
Offit Kurman, P.A.
Ten Penn Center
1801 Market Street, Suite 2300
Philadelphia, PA 19103

Lynne E. Feldman, Trustee
Feldman Law Offices PC
221 N. Cedar Crest Blvd.
Allentown, PA 18104

                                              Kenny, Burns & McGill.

                                 By:   /s/Thomas D. Kenny
                                           Thomas D. Kenny
                                           Attorneys for Debtor
                                           Attorney Identification No.: 77611
                                           1500 John F. Kennedy Boulevard, Suite 520
                                           Philadelphia, PA 19102
                                           (215) 423-5500
                                           filings@kennyburnsmcgill.com